**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-30979

AMERICAN CENTRAL INSURANCE COMPANY,

Plaintiff - Counter Defendant-Appellee,

VERSUS

OUACHITA COCA-COLA BOTTLING COMPANY, INC. ET AL,

Defendants,

OUACHITA COCA-COLA BOTTLING COMPANY, INC.,

Defendant-Cross Claimant-Counter Claimant-Appellant,

VERSUS

GENERAL STAR NATIONAL INSURANCE COMPANY;
FEDERAL INSURANCE COMPANY

Defendant-Cross Defendants-Appellees.

Appeal from the United States District Court
For the Western District of Louisiana
(94-CV-756)
June 9, 1998

Before DUHÉ, BENAVIDES, and STEWART, Circuit Judges

PER CURIAM:[1]

The insurers of Ouachita Coca-Cola Bottling Company, Inc.,

American Central Insurance Company, General Star National Insurance

---

[1] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Company, and Federal Insurance Company, denied coverage to the bottling company in a Texas suit. In that suit, bottlers of other brands of soft drinks alleged that Ouachita had, by entering into certain marketing agreements with retailers, engaged in unfair competition, tortious interference with business relationships, and a violation of the Texas Free Enterprise and Anti-Trust Act. Ouachita sought coverage under its liability policies, contending that they cover damages caused by advertising activities and unfair competition.

After American Central filed a declaratory judgment action in the district court, the insurers moved for summary judgment. The district court did not rule on the coverage issues. Instead, it granted the motions concluding that Louisiana public policy does not allow insurance coverage for illegal activities.

We review de novo a grant of summary judgment. Alert Centre Inc. v. Alarm Protection Servs., Inc., 967 F.2d 161, 163 (5th Cir. 1992). As an Erie court, we apply the substantive law of the forum state, and "review de novo a district court's determination of state law." Parker Plaza West Partners v. UNUM Pension and Ins. Co. 941 F. 2d 349, 352 (5th Cir. 1991), citing Salve Regina College v. Russell, 499 U.S. 225 (1991).

The district court relied on dicta in a single Louisiana case; Graham Ins. Co. v. Lexington Ins. Co., 625 So. 2d 716 (La. App. 1st Cir. 1993) for its conclusion as to Louisiana's public policy. After reviewing the available authorities, we conclude that

2

Louisiana has not decided this issue. We thus heed our Erie directive and, being unable to determine that Louisiana has a public policy prohibiting this insurance coverage, we refrain from creating state law.

Accordingly, we REVERSE and REMAND to the district court for consideration of the coverage issues on their merits.

REVERSED and REMANDED.